**John William CHESTER, Jr.,**
**Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14408.**

Court of Criminal Appeals of Oklahoma.

July 16, 1969.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Hugh H. Collum, Asst. Attys. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

John William Chester, Jr., who shall hereinafter be referred to as the defendant, was charged with Manslaughter First Degree After Former Conviction of a Felony. He was convicted of Manslaughter 2nd Degree After Former Conviction of a Felony and sentenced to nine years in the penitentiary.

The defendant and a cousin, Thomas Lemley, got into an argument over the whereabouts of a fifth of wine. Evidently the men had drunk two fifths and Lemley was trying to find the third, which they had purchased along with the other two bottles. Lemley became quite loud and abusive. While he had his back turned, the defendant took the jack from the turtle shell and hit Lemley in the back, knocking him down, and continued hitting him about the head; leaving five or six wounds, some of a fatal nature. Witnesses had shouted to defendant not to hit the deceased again, but he did not heed their admonitions and continued to strike deceased with the six-pound jack until he was unconscious, and never regained consciousness until he died the next day.

Both the deceased and defendant had previously served time in the penitentiary. Though defendant asserts numerous assignments of error, we fail to see where the errors complained of were sufficient to cause reversal or modification. It actually appears that defendant's counsel did an excellent job in the defense of this client in getting off with Manslaughter Second and nine years.

A thorough review of the record leads us to believe defendant received a fair and impartial trial before a jury of his peers, and that the evidence amply supports the verdict of the jury. That the trial judge gave ample instructions containing the law applicable to such cases.

It is the opinion of this Court that the judgment and sentence of the trial court should be, and the same is, hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.